DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| UNITED STATES OF AMERICA and the PEOPLE OF THE VIRGIN ISLANDS,<br><br>       Plaintiff,<br><br>       v.<br><br>RICHARD ANTONIO HODGE, JR.,<br><br>       Defendant. | Criminal No. 2014-01 |

**ATTORNEYS:**
**Nelson Luis Jones, Esq., AUSA**
U.S. Attorney's Office
St. Thomas, VI
**Ronald Sharpe, Esq., USA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America,*

**Omodare B. Jupiter, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, VI
    *For the defendant, Richard Antonio Hodge, Jr.*

## MEMORANDUM OPINION[1]

**GÓMEZ, J.**

Before the Court is the objection of Richard Hodge to his sentencing on both of his 18 U.S.C. § 924(c)(1)(A) convictions.

---

[1] The Court previously addressed Richard Hodge's objections to the Court's sentence at his June 24, 2015, sentencing. This memorandum opinion outlines the reasons for the Court's ruling.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 3, 2013, Asim Powell ("Powell"), an employee of Ranger American Armored Services, went to pick up monetary deposits from a K-Mart department store located in Lockhart Gardens Shopping Center ("Lockhart Gardens") on St. Thomas. Powell left K-Mart, with a black bag containing monetary deposits. Upon exiting K-Mart, Powell saw his supervisor Clement Bogoneau ("Bogoneau") standing in front of Furniture Inn, a furniture store located next to K-Mart. Powell proceeded to speak with Bogoneau.

An armed gunman with his face partly covered then approached the two gentlemen and shot Powell in the back. Powell fell to the ground. When the gunman sought to take the bag with the monetary deposits, Powell resisted and was shot twice more. The gunman also shot Bogoneau in the groin.

The gunman then fled. Bogoneau and a Virgin Islands police officer, Latoya Schneider ("Schneider"), pursued the gunman. Bogoneau and Schneider halted their pursuit when the gunman ran into Oswald Harris Court, a public housing project, which is located across the street from Lockhart Gardens.

When officers arrived at Oswald Harris Court, they found Richard Hodge ("Hodge"), shirtless, hiding in the bushes located at the east end of the area. Hodge was subsequently arrested.

*USA v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 3

Officers recovered a black ski mask, t-shirt, and jacket near the area where Hodge was found.

Hodge was then charged in a fifteen-count information with crimes related to this incident. The Court dismissed Count Ten before trial. The matter then proceeded to a jury trial on June 9, 2014. At trial, Hodge was found guilty of the following counts of the information: Count One, interfering with commerce by robbery in violation of 18 U.S.C. § 1951; Count Two, discharge of a firearm during a robbery in violation of 18 U.S.C. § 924(c)(1)(A); Count Three, discharge of a firearm during the attempted murder of Powell in violation of 18 U.S.C. § 924(c)(1)(A); Count Six, using an unlicensed firearm during the attempted murder of Powell in violation of 14 V.I.C. § 223(a); Count Seven, using an unlicensed firearm during the first degree assault of Powell in violation of 14 V.I.C. § 223(a); Count Eight, using an unlicensed firearm during a first-degree robbery in violation of 14 V.I.C. § 223(a); Count Nine, first degree assault by shooting Powell in violation of 14 V.I.C. § 295(1); Count Eleven, first degree robbery in violation of 14 V.I.C. §§ 1861 and 1862(1); Count Fourteen, first degree assault by shooting Bogoneau in violation of 14 V.I.C. § 295(1); and Count Fifteen, reckless endangerment in the first degree in violation of 14 V.I.C. § 625(a).

*USA v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 4

At sentencing, Hodge argued that he could only be sentenced on one of his two 18 U.S.C. § 924(c)(1)(A) convictions. For the reasons stated herein, the Court sentenced Hodge on both of his 18 U.S.C. § 924(c)(1)(A) convictions.

## II.  ANALYSIS

Hodge argues that he may only be sentenced on one of his 18 U.S.C. § 924(c)(1)(A) convictions because the rule of lenity applies to the unit of prosecution when multiple violations of 18 U.S.C. § 924(c)(1)(A) are charged based on a single course of conduct.

As a preliminary matter, the Court will review the Third Circuit's case law on the proper unit of prosecution for violations of 18 U.S.C. § 924(c)(1)(A). The Third Circuit has held that "it is unquestionable that crimes occurring as part of the same underlying occurrence may constitute separate predicate offenses if properly charged as separate crimes. It follows that each may be a separate predicate for a § 924(c)(1) conviction . . . ." *United States v. Casiano*, 113 F.3d 420, 426 (3d Cir. 1997).

In that case, one of the defendants, Alfredo DeJesus ("DeJesus") hit the victim in the head with the butt of a gun and then forced the victim into the back of the victim's own van. *Id.* at 423. The defendants then drove off in the victim's

*USA v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 5

van, with the victim in the back of the van. *Id.* DeJesus and another defendant, Jose Casiano ("Casiano"):

> were charged with one count of conspiracy to commit carjacking and kidnapping in violation of 18 U.S.C. § 371, one count of carjacking in violation of 18 U.S.C. § 2119, one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1), and two counts of using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Casiano entered a guilty plea, pursuant to a plea agreement, to all counts on October 23, 1995. DeJesus entered an open guilty plea to all counts on December 22, 1995.
>
> The district court sentenced Casiano to 188 months imprisonment on the conspiracy, carjacking and kidnapping counts to run concurrently. In addition, the court sentenced him to an additional 60 months for the use of a firearm in relation to the carjacking pursuant to 18 U.S.C. § 924(c)(1), to run consecutively to the substantive counts. The court then imposed an additional sentence of 240 months imprisonment for the use of a firearm in relation to the kidnapping and, pursuant to the same statute, imposed that sentence to run consecutively. The total imprisonment for Casiano thus was 488 months.
>
> DeJesus was sentenced to 70 months imprisonment on the conspiracy, carjacking and kidnapping counts to run concurrently to each other, and an additional 60 months for the first violation of 18 U.S.C. § 924(c)(1), to run consecutively, and 240 months for the second violation of 18 U.S.C. § 924(c)(1), to run consecutively.

*Id.* at 423-24.

On appeal,

> Casiano and DeJesus argue[d] that because the criminal course of conduct from the carjacking (the first predicate offense) to the kidnapping (the second predicate offense) was continuous and involved only one victim, the district court erred as a matter of law in applying § 924(c)(1) to use of

>   a handgun in connection with the kidnapping as "a
>   second or subsequent conviction."[2]

*Id.* at 424. The Third Circuit rejected this challenge, noting that

>   in *United States v. Torres*, 862 F.2d 1025 (3d
>   Cir.1988), this court sustained convictions on two
>   § 924(c)(1) counts that arose out of the same episode
>   on the same day. Torres sought to protect his
>   confederates who were being arrested for
>   distribution of cocaine on the street by brandishing
>   a firearm at the arresting officer. He was convicted
>   of the predicate offenses of conspiracy to
>   distribute cocaine and assaulting a federal officer,
>   as well as two § 924(c)(1) offenses, i.e., use of a
>   firearm during a drug trafficking crime (count 4)
>   and use of a firearm in connection with an assault
>   on a federal officer (count 5). We held that "the
>   section 924(c)(1) convictions were proper under both
>   counts 4 and 5." *Id.* at 1032. This alone stands as
>   circuit precedent compelling rejection of the
>   argument [that the district court erred in treating
>   the second use of a handgun as a second or subsequent
>   conviction], as not only did the two § 924(c)(1)
>   convictions in *Torres* arise out of the same criminal
>   episode, they arose out of the same act . . . .

*United States v. Casiano*, 113 F.3d 420, 426 (3d Cir. 1997)

The Third Circuit has since had further opportunity to consider the unit of prosecution for 18 U.S.C. 924(c)(1). *See United States v. Diaz*, 592 F.3d 467 (3d Cir. 2010). In *United States v. Diaz*, the defendant was charged with, and convicted of, "possession of a firearm in furtherance of drug trafficking

---

[2] 18 U.S.C. § 924(c)(1)(C) states, in relevant part, that "[i]n the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years . . . ."

on or about March 29, 2006, in violation of 18 U.S.C. § 924(c) (Count I); possession with intent to distribute heroin in or about November 1, 2005, through March 29, 2006, in violation of 21 U.S.C. § 841(a)(1) (Count II); and an additional possession of a firearm in furtherance of drug trafficking in or about January 2006 and before March 29, 2006, in violation of 18 U.S.C. 924(c) (Count III)" *Id.* at 468 (internal quotations and citations omitted). The defendant was sentenced to consecutive terms of imprisonment on his § 924(c) counts of conviction. On appeal, the Third Circuit noted that in *Casiano*, "the Government . . . charged more predicate crimes than § 924(c) violations. 113 F.3d at 426." *Id.* at 470 n.3. After distinguishing *United States v. Casiano*, the Third Circuit held that because a single predicate offense was charged, the plaintiff could only be exposed to a single § 924(c) unit of prosecution. *See id.* at 471-75.

    The decision in *United States v. Diaz* is inapposite here. *Diaz* is limited to cases where the Government charges fewer predicate crimes than § 924(c) violations. *Accord United States v. McNeill,* No. CRIM. 06-373, 2015 WL 1411938, at *5 (W.D. Pa. Mar. 26, 2015)("*Diaz,* however, involved the question of whether the defendant committed more than one § 924(c) violation when

only one predicate drug trafficking crime had been proven."). That is not the case here.

Here, Hodge was convicted on Count Two for the discharge of a firearm *during a robbery* in violation of 18 U.S.C. § 924(c)(1)(A) and on Count Three for discharge of a firearm *during the attempted murder of Powell* in violation of 18 U.S.C. § 924(c)(1)(A). As in *Casiano*, each of the 18 U.S.C. § 924(c)(1)(A) convictions was tied to a different predicate offense. The reasoning in *Casiano* applies with equal force here. The jury found Hodge guilty of multiple violations of 18 U.S.C. § 924(c), each of which was tied to a separate and distinct predicate offense. Consistent with the analysis in *Casiano* and consistent with the text of 18 U.S.C. § 924(c), the Court holds that the unit of prosecution charged in the information was appropriate.

The Court must now consider whether it may only sentence Hodge on one of his 18 U.S.C. § 924(c)(1)(A) convictions even though he was properly charged and convicted of two violations of 18 U.S.C. § 924(c)(1)(A). To that end, a brief review of the relevant 18 U.S.C. § 924(c) legal landscape is in order.

In 1988, in *United States v. Torres*, 862 F.2d 1025 (3d Cir. 1988), the Government stipulated that although two § 924(c)(1) convictions were proper, only one sentence could be imposed.

*Torres,* 862 F.2d at 1032. The Third Circuit accepted that stipulation and recommended the imposition of a general sentence. *Id.* The Third Circuit did not provide any explanation for accepting the stipulation.

Subsequent to the Third Circuit's decision in *United States v. Torres*, the Supreme Court decided *Deal v. United States*, 508 U.S. 129, 113 S. Ct. 1993, 124 L. Ed. 2d 44 (1993). In that case, the Supreme Court held that a defendant convicted of multiple § 924(c) offenses that were charged in the same indictment was subject to the relevant sentencing enhancements for second and subsequent convictions. *See Deal v. United States*, 508 U.S. 129, 130-37 (1993).

After the Supreme Court decided *United States v. Deal*, the Third Circuit had an opportunity to comment on its ruling in *United States v. Torres*. *See Casiano*, 113 F.3d at 426. In *United States v. Casiano*, the Third Circuit recognized that

> [i]t is true, as defendants note, that in *Torres* the government stipulated that only one sentence could be imposed in that case where there were two violations of § 924(c)(1). *See id.* However, the *Torres* decision came down before *Deal* and we accepted the government's concession without comment. It is therefore not controlling here, and to the extent it may be interpreted as contrary to *Deal,* it is superseded by *Deal. See United States v. Luskin,* 926 F.2d 372, 378 (4th Cir.1991).

*United States v. Casiano*, 113 F.3d 420, 426 (3d Cir. 1997). The Third Circuit then upheld the sentencing enhancement for a

second or subsequent conviction for using a firearm in relation to a crime of violence. *See id.*

In expressing its doubts concerning the continued vitality of *United States v. Torres*, the court in *Casiano* cited to *United States v. Luskin*, 926 F.2d 372 (4th Cir. 1991). In that case, the Fourth Circuit discussed *United States v. Torres*, stating that

> that case is an aberration. In that case, the defendant had been convicted on two section 924(c) crimes-one for using a firearm during a drug trafficking crime, and the second for using a firearm in assaulting a federal officer. The defendant was given consecutive sentences on these convictions. On appeal, the government *conceded* that only one firearm offense had taken place, and agreed that the sentences should run concurrently. The *Torres* court, without comment, honored this concession and ordered that the sentences on these two convictions run concurrently. We do not know why the government made this concession in *Torres,* for it was apparently unnecessary. There were two distinct predicate section 924(c) offenses: conspiracy to distribute cocaine and assaulting a federal officer. The section 924(c) offenses were not violative of the Double Jeopardy Clause because each required proof of a different predicate crime. The *Torres* court did not make any comment on the law of section 924(c) and, thus, it did not create any analysis to be followed. Indeed, given the government's concession, any comment would have been *dicta.* Since we can see no basis for the outcome in *Torres,* we decline to follow it. Accordingly, we affirm the sentencing of Luskin to three consecutive section 924(c) terms of imprisonment.

*United States v. Luskin*, 926 F.2d 372, 374-78 (4th Cir. 1991).

Moreover, after *Casiano*, the Third Circuit has repeatedly characterized its holding in that case as standing for the proposition that where multiple § 924(c)(1) convictions arise out of the same episode or act, sentencing is appropriate on each of those § 924(c)(1) counts with the proper sentencing enhancements. *See United States v. Moten*, No. 13-3801, 2015 WL 2179797, at *7 (3d Cir. May 11, 2015)("In accordance with the Supreme Court's decision in *Deal,* we have similarly held that consecutive sentences are permitted, regardless of whether the section 924(c) convictions arise out of the same criminal episode or act, *United States v. Casiano,* 113 F.3d 420, 426 (3d Cir.1997), or whether they are charged in a single indictment, *United States v. Coates,* 178 F.3d 681, 683 & n. 2 (3d Cir.1999)."); *United States v. Couch*, 291 F.3d 251, 256 (3d Cir. 2002)("In *United States v. Casiano,* 113 F.3d 420, 426 (3d Cir.1997), this Court held that it matters not whether multiple § 924(c)(1) counts arise out of the same criminal episode or out of the same act, or whether they are charged in a single indictment. Pursuant to *Deal,* this Court followed the directive of § 924(c)(1)(C), which focuses only on whether there was a "second or subsequent conviction." *Casiano,* 113 F.3d at 425-26; *See United States v. Coates,* 178 F.3d 681, 683 (3d Cir.1999)

*USA v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 12

(enhancement permitted where second or subsequent weapons conviction was charged in same indictment).")

Accordingly, the Court holds that even if Hodge's actions are viewed as one act or one course of conduct, he must be sentenced to consecutive sentences--with the relevant sentencing enhancements--on his multiple § 924(c)(1)(A) convictions.[3]

                                        S\_____
                                            **Curtis V. Gómez**
                                            **District Judge**

---

[3] At sentencing, the Government attempted to concede that Hodge could only be sentenced on one of his 18 U.S.C. § 924(c) convictions. Regardless, parties cannot stipulate to the law. *Mazer v. Lipschutz*, 327 F.2d 42, 57 (3d Cir. 1963)("Counsel can stipulate fact, but ordinarily cannot stipulate or concede law.") Indeed, if the Court were bound by such stipulations, it would create a system where, at sentencing, the Government could arbitrarily determine whether defendants were sentenced on one or more of their convictions. Such an outcome could undermine parity.