DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
                                    )
                                    )
UNITED STATES OF AMERICA and the    )
PEOPLE OF THE VIRGIN ISLANDS,       )
                                    )    Criminal No. 2014-01
            Plaintiff,              )
                                    )
        v.                          )
                                    )
RICHARD ANTONIO HODGE, JR.,         )
                                    )
            Defendant.              )
                                    )
```

ATTORNEYS:
**Nelson Luis Jones, Esq., AUSA**
U.S. Attorney's Office
St. Thomas, VI
**Ronald Sharpe, Esq., USA**
United States Attorney's Office
St. Thomas, VI
        *For the United States of America,*

**Omodare B. Jupiter, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, VI
        *For the defendant, Richard Antonio Hodge, Jr.*


MEMORANDUM OPINION[1]


**GÓMEZ, J.**

Before the Court is the motion of Richard Hodge ("Hodge")

for acquittal pursuant to Rule 29 of the Federal Rules of

Criminal Procedure. Also before the Court are Hodge's two

---

[1] The Court previously ruled on the motion for acquittal, motions for new
trial, and motion to vacate discussed in this memorandum opinion. This
memorandum opinion outlines the reasons for the Court's rulings.

motions for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In addition, before the Court is Hodge's motion to vacate.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2013, Asim Powell ("Powell"), an employee of Ranger American Armored Services, went to pick up monetary deposits from a Kmart department store located in Lockhart Gardens Shopping Center ("Lockhart Gardens") on St. Thomas. Powell left Kmart, with a black bag containing monetary deposits. Upon exiting Kmart, Powell saw his supervisor Clement Bougouneau ("Bougouneau") standing in front of Furniture Inn, a furniture store located next to Kmart. Powell proceeded to speak with Bougouneau.

An armed gunman with his face partly covered then approached the two men and shot Powell in the back. Powell fell to the ground. When the gunman sought to take the bag with the monetary deposits, Powell resisted. The gunman then shot Powell in the hip. After Powell released the bag, the gunman shot him in the wrist. The gunman also shot Bougouneau in the groin.

The gunman then fled. Bougouneau and a Virgin Islands police officer, Latoya Schneider ("Schneider"), pursued the

gunman. Bougouneau and Schneider halted their pursuit when the gunman ran into Oswald Harris Court, a public housing project, which is located across the street from Lockhart Gardens.

When officers arrived at Oswald Harris Court, they found Richard Hodge ("Hodge"), shirtless, hiding in the bushes located at the east end of Oswald Harris Court. Hodge was subsequently arrested. Officers recovered a black ski mask, t-shirt, and jacket near the area where Hodge was found.

Hodge was then charged in a fifteen-count information with crimes related to this incident. The Court dismissed Count Ten before trial. The matter then proceeded to a jury trial on June 9, 2014. At trial, Hodge was found guilty of the following counts of the information: Count One, interfering with commerce by robbery in violation of 18 U.S.C. § 1951; Count Two, discharge of a firearm during a robbery in violation of 18 U.S.C. § 924(c)(1)(A); Count Three, discharge of a firearm during the attempted murder of Powell in violation of 18 U.S.C. § 924(c)(1)(A); Count Six, using an unlicensed firearm during the attempted murder of Powell in violation of 14 V.I.C. § 223(a); Count Seven, using an unlicensed firearm during the first-degree assault of Powell in violation of 14 V.I.C. § 223(a); Count Eight, using an unlicensed firearm during a first-

degree robbery in violation of 14 V.I.C. § 223(a); Count Nine, first-degree assault by shooting Powell in violation of 14 V.I.C. § 295(1); Count Eleven, first-degree robbery in violation of 14 V.I.C. §§ 1861 and 1862(1); Count Fourteen, first-degree assault by shooting Bougouneau in violation of 14 V.I.C. § 295(1); and Count Fifteen, reckless endangerment in the first degree in violation of 14 V.I.C. § 625(a).

On June 25, 2014, Hodge filed a motion for acquittal. Thereafter, Hodge filed two motions for a new trial. At Hodge's first sentencing hearing, the Court denied those motions.

The sentencing was then continued. Shortly before the second sentencing hearing, Hodge filed a motion to vacate. At the second sentencing hearing, that motion was also denied.

The motion for acquittal, motions for new trial, and motion to vacate were denied for the reasons stated herein.

## II.   <u>DISCUSSION</u>

### A.   **Rule 29**

A judgment of acquittal is appropriate under Rule 29 if, after reviewing the record in a light most favorable to the prosecution, the Court determines that no rational jury could find proof of guilt beyond a reasonable doubt. *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006); *see also United States*

*v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (district court must "'review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence.'")(quoting *United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)).

   An insufficiency finding should be "'confined to cases where the prosecution's failure is clear.'" *Smith*, 294 F.3d at 477 (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)). "Courts must be ever vigilant in the context of [Rule] 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (citations omitted); *see also United States v. Ashfield*, 735 F.2d 101, 106 (3d Cir. 1984) ("Our task is not to decide what we would conclude had we been the finders of fact; instead, we are limited to determining whether the conclusion chosen by the fact finders was permissible.").

   The government may sustain its burden entirely through circumstantial evidence. *Bobb*, 471 F.3d at 494; *see also United States v. Wexler*, 838 F.2d 88, 90 (3d Cir. 1988). A motion for

acquittal should be granted when there is a "total absence of evidence that [the] defendant had any connection" with the crimes alleged and proved. *United States v. Darrell*, 629 F. 2d 1089, 1091 (5th Cir. 1980) (conviction reversed with directions to enter judgment of acquittal in mail fraud case, noting there was little Fifth Circuit precedent saying what evidence would permit an inference of the defendant's identity).

**B.   Rule 33**

When deciding a Rule 33 motion for a new trial, the Court is provided somewhat more discretion than what is afforded under Rule 29. Under Rule 33, the Court may grant a new trial "in the interest of justice." *United States v. Charles,* 949 F.Supp. 365, 368, 35 V.I. 306 (D.Vi.1996). In assessing such "interest", the court may weigh the evidence and credibility of witnesses. *United States v. Bevans,* 728 F.Supp. 340, 343 (E.D.Pa.1990), *aff'd,* 914 F.2d 244 (3d Cir.1990). If the Court determines that there has been a miscarriage of justice, the court may order a new trial. *Id.* "The burden is on the defendant to show that a new trial ought to be granted. Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *United States v. Clovis,* Crim. No. 1994-11, 1996 U.S. Dist. LEXIS 20808, at *5, 1996 WL 165011 (D.V.I. Feb. 12, 1996).

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 7

### III. <u>ANALYSIS</u>

**A.   Motion for Judgment of Acquittal**

**1. Identification of Hodge**

Hodge argues that there is insufficient proof that he was the perpetrator of any of the crimes alleged in the information.

The testimony introduced at trial indicates that the assailant's face was not entirely obscured. Schneider testified that the perpetrator was wearing a hat and had a "shirt or handkerchief or something over his mouth area and tied to the back." (Trial Transcript, June 9, 2014, at 161:19-21.) Bougouneau testified that the perpetrator had "a handkerchief or something tied up right this way." (*Id.* at 143:13-14.) He also testified that the perpetrator's "eye area" was not covered. (*Id.* at 143:9-16.)

At trial, Hodge was identified as the gunman by Schneider. (*Id.* at 161:11-166:2.) Indeed, she testified that she recognized the gunman as "Richie" even before he began shooting. (*Id.* at 162:16-19.) She testified that she knew Hodge from "working in special ops and dealing with the guys in the area, town, country, and all the different housing communities and stuff." (*Id.* at 162:4-7.) Schneider also testified that for the past

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 8

four or five years, when she travelled to her sister's home, she usually observed Hodge in the area. (Trial Transcript, June 9, 2014, at 166:16-25.)

In addition, Hodge was found in a bush in the housing project where the perpetrator ran after committing the crimes. (*See id.* at 163:20-164:13, 240:10-11, 241:24-242:9, 254:19-255:13, 256:2-17.) Hodge was discovered hiding in the bushes without a shirt or jacket, in the area where a shirt and jacket were found. (*Id.* at 184:2-19, 188:18-22, 255:2-256:17.) The jacket found near Hodge matched the jacket worn by the perpetrator of the crimes alleged. (*Id.* at 167:5-168:1, 189:2-189:16)(stating that the jacket found matched the jacket Hodge was wearing, although the witness did not recognize the red on the jacket).

In *Government of the Virgin Islands v. Pereira*, 302 F. App'x 72 (3d Cir. 2008), the Third Circuit considered the sufficiency of identification evidence under similar conditions. *See Virgin Islands v. Pereira*, 302 F. App'x 72, 75-76 (3d Cir. 2008). In that case, there were two assailants who were charged with "assault in the first degree, two counts of possession of a deadly weapon during the commission of a crime of violence, and two counts of unauthorized possession of a firearm." *Id.* at 74-

75. No witness saw the face of the second assailant--Hewitt Pereira ("Pereira")--because it was covered by a stocking mask. *Id.* Nevertheless, a witness identified the second assailant at trial. *Id.* The witness testified that "he was very familiar with Pereira, having been enemies with him since seventh grade, and recognized him from his body type and braids." *Id.* at 75-76. In addition, the witness testified that he saw the first assailant and the man he identified as the second assailant together the evening of the assault. *Id.* at 76. The Third Circuit held that "[v]iewed in the light most favorable to the Government, this evidence is sufficient to allow a rational trier of fact to convict . . . [Pereira]." *Id.*

The evidence presented in this case is similar to the evidence the Third Circuit held was sufficient in *Government of the Virgin Islands v. Pereira*. In both cases, although the perpetrator's face was at least partially obscured, the eyewitness was able to identify the perpetrator. In addition, the other corroborating circumstantial evidence presented in this case is as probative as the corroborating circumstantial evidence presented in *Pereira*. Here, as in *Pereira*, the testimony at trial sufficiently established Hodge's identity as the perpetrator.

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 10

## 2. **Count One: 18 U.S.C. § 1951: Sufficiency of Evidence of Effect on Interstate Commerce**

In Count One, Hodge was charged with delaying, obstructing, or affecting commerce by robbery in violation of 18 U.S.C. § 1951--Hobbs Act Robbery.  18 U.S.C. § 1951(a) states that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951.

Hodge argues that the government has failed to produce sufficient evidence that there was a delay or affect, or attempt to obstruct and delay, interstate commerce.

The Hobbs Act may be constitutionally applied "to crimes which have only a *de minimis* impact on interstate commerce." *United States v. Clausen*, 328 F.3d 708, 710 (3d Cir. 2003) (citing *United States v. Traitz,* 871 F.2d 368, 390 (3d Cir.1989)).  Indeed,

> this *de minimus* effect need only be *potential. Urban,* 404 F.3d at 766. A jury may infer that interstate commerce was minimally affected by a showing that business assets from an establishment that purchased good or services from out-of-state were depleted. *See United States v. Haywood,* 363 F.3d 200, 210 (3d Cir.2004) (holding that interstate commerce nexus is established where defendant stole

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 11

> less than $100 from bar that imported beer from out-
> of-state). Stealing money from a store that buys any
> of its goods out-of-state is also sufficient to
> demonstrate an effect on interstate commerce. *See
> United States v. Clausen,* 328 F.3d 708, 711-12 (3d
> Cir.2003) (finding that an interstate commerce nexus
> was established where defendant stole from
> businesses that purchased goods from out-of-state or
> had customers or employees from out-of-state).

*United States v. McNeill*, 360 F. App'x 363, 364-65 (3d Cir.

2010).

Here, the store manager of the Lockhart Kmart, Kevin Bryan,

testified that the majority of Kmart's merchandise in St. Thomas

was transported from a distribution center in Florida. (Trial

Transcript, June 9, 2014, at 88:4-10). Therefore, money was

stolen from a business that receives the majority of its goods

from outside the territory. Such a showing is all that is

required to establish that a robbery affected interstate

commerce. *See McNeill*, 360 F. App'x at 364-65. Accordingly, the

Court holds that there was sufficient evidence that the robbery

affected interstate commerce.

### 3. Count Two and Count Three: Local Crimes as Predicate Offenses Under 18 U.S.C. § 924(c)(1)(a)

18 U.S.C. § 924(c)(1)(a) states that

> Except to the extent that a greater minimum sentence
> is otherwise provided by this subsection or by any
> other provision of law, any person who, during and
> in relation to any crime of violence or drug
> trafficking crime (including a crime of violence or
> drug trafficking crime that provides for an enhanced

punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i)  be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii)   if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(a).

Count Two and Count Three allege violations of 18 U.S.C. § 924(c)(1)(a) based on violations of local law. Hodge argues that violations of local law, as a matter of legislative intent, may not serve as predicate offenses under 18 U.S.C. § 924(c)(1)(a).

Hodge has not, however, identified any ambiguity in the statute. Indeed, the text of the statute speaks clearly and unambiguously to the contrary. In title 18, including 18 U.S.C. § 924(C)(1), the term "court of the United States" includes the District Court of the Virgin Islands. 18 U.S.C. § 23 ("As used in this title, except where otherwise expressly provided the term "court of the United States" includes . . . the District Court of the Virgin Islands."). Hodge may be prosecuted for violations

of the Virgin Islands Code in the District Court of the Virgin Islands. Therefore, under the plain language of 18 U.S.C. § 924(C)(1), Hodge's violations of the Virgin Islands Code may serve as predicate offenses.

Accordingly, the Court holds that 18 U.S.C § 924(c)(1) permits the use of local crimes as predicate offenses.

### 4. Count Nine and Count Fourteen: Sufficiency of Evidence of Specific Intent to Commit Murder

In Count Nine, Hodge was charged with "assault[ing Powell] with intent to commit murder." (Information, ECF No. 1, at 10.) In Count Fourteen, Hodge was charged with possessing a firearm while "assault[ing Bougouneau] with intent to commit murder." (Information, ECF No. 1, at 15.) Hodge argues that there is insufficient evidence that he intended to murder either Powell or Bougouneau.

"Murder is the unlawful killing of a human being with malice aforethought." 14 V.I.C. § 921. Malice aforethought:

> does not mean simply hatred or particular ill will, but extends to and embraces generally the state of mind with which one commits a wrongful act. It may be inferred from circumstances which show a wanton and depraved spirit, a mind bent on evil mischief without regard to its consequences.

*Nicholas v. People of the Virgin Islands*, No. 2009-0022, 2012 WL 2053537, at *6 (V.I. June 6, 2012)(quoting *Gov't of the V.I. v. Sampson,* 42 V.I. 247, 253 (D.V.I. App. Div. 2000)). "[I]f one

voluntarily does an act, the direct and natural tendency of which is to destroy another's life, it may fairly be inferred, in the absence of evidence to the contrary, that the destruction of that other's life was intended." *Gov't of Virgin Islands v. Lanclos*, 477 F.2d 603, 606 (3d Cir. 1973)(quoting *Government of Virgin Islands v. Lake*, 362 F.2d 770, 776 (3d Cir. 1966)).

The evidence adduced at trial shows that Hodge approached Powell and Bougouneau and fired a number of shots. Hodge first shot Powell in the back. (Trial Transcript, June 9, 2014, at 113:16-17.) Powell then fell forward. (*Id.* at 107:9-13.) He had the bag of bank deposits while he was on the ground. (*See id.* at 113:16-117:2.)  Hodge attempted to take the bag, but Powell resisted. (*Id.* at 107:16-20.)  Hodge then shot Powell in the hip, (*id.*), and took the bag, (*See id.* at 113:25-114:2.) After Hodge took the bag, Hodge shot Powell's wrist. (*Id.* at 114:3-4.)

Hodge also shot Bougouneau in the groin. (*Id.* at 142:11-15.) After Hodge shot Bougouneau, Bougouneau fell to the ground. (*Id.* at 140:9-21.) At least one other shot was fired, but did not hit anyone. (*Id.* at 213:13-17.)

The direct and natural tendency of Hodge's actions was to kill Powell and Bougouneau. Therefore, a reasonable jury certainly could have inferred that Hodge intended to murder both Powell and Bougouneau. *See, e.g., Lanclos*, 477 F.2d at 606.

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 15

Indeed, there was sufficient evidence that a reasonable jury could have found that Hodge had the requisite intent to commit *first-degree* murder. "The difference between first- and second-degree murder is that first-degree murder requires a killing done with malice aforethought and which was willful, deliberate, and premeditated." *Nicholas*, 2012 WL 2053537, at *6 (footnote and quotations omitted). A jury may reasonably infer deliberation and premeditation from the use of a deadly weapon and the absence of evidence of provocation or emotion. *See Gov't of Virgin Islands v. Charles*, 72 F.3d 401, 411 (3d Cir. 1995)("The fact that Charles rushed at Francois immediately after Francois entered the alley does not preclude a finding of deliberation and premeditation. Based on the use of a knife and the absence of any provocation or display of emotion by Charles, the jury could reasonably infer that Charles, in this brief moment, formulated a deliberate intent to kill Francois.").

Here, Hodge approached and shot Powell and Bougouneau without any previous interaction. (Trial Transcript, June 9, 2014, at 140:2-8.) There is also no evidence that Hodge displayed any emotion. Under these circumstances, a reasonable jury could infer that Hodge acted with premeditation and deliberation when he attempted to murder Powell and Bougouneau. *See Charles*, 72 F.3d at 411.

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 16

Accordingly, the Court holds that there is sufficient evidence for a reasonable jury to convict Hodge of Count Nine and Count Fourteen.

**5. Count Three and Count Six: Inconsistent Verdict; Separate Conviction of Predicate Offense; General Objection to Sufficiency of the Evidence**

Count Three charges Hodge with the use and discharge of a firearm during the attempted murder of Powell in violation of 18 U.S.C. § 924(c). Count Six charges Hodge with using an unlicensed firearm during the attempted murder of Powell in violation of 14 V.I.C. § 2253(a).

Hodge argues that he should be acquitted of both counts because he was acquitted of Count Five, the attempted first-degree murder of Powell. It is unclear whether he is arguing that he should be acquitted because: 1) the verdicts are inconsistent; 2) each of the statutes under which he was convicted requires, as an element of the crime, that he was separately convicted of a predicate offense; or 3) there was insufficient evidence that Hodge attempted to murder Powell. The Court will address each of these arguments in turn.

**i.   Inconsistent Verdicts**

In *United States v. Powell*, 469 U.S. 57 (1984), the defendant was charged with "conspiring . . . to knowingly and intentionally possess with intent to distribute cocaine" and

with "possession of a specific quantity of cocaine with intent to distribute it." *United States v. Powell*, 469 U.S. 68, 59-60 (1984). She was also charged with "using the telephone in committing and in causing and facilitating . . . conspiracy to possess with intent to distribute" and "using the telephone in committing and in causing and facilitating . . . possession with intent to distribute cocaine." *Id.* at 60. The defendant was acquitted of the conspiracy and possession charges, but convicted of charges that she used the telephone in committing and in causing and facilitating those crimes. *Id.*

On appeal, the Supreme Court rejected the argument that "an acquittal on a predicate offense necessitates a finding of insufficient evidence on a compound felony count" and upheld the convictions. *Id.* at 68-69. The Supreme Court held that "a criminal defendant convicted by a jury on one count [cannot] attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count." *Id.* at 68 (citing *Dunn v. United States,* 284 U.S. 390 (1932)).

Accordingly, Hodge is not entitled to acquittal on the basis that the jury verdict was inconsistent.

**ii. Separate Conviction of a Predicate Offense**

Count Three alleges a crime codified at 18 U.S.C. § 924(c)(5). 18 U.S.C. § 924(c)(5) prohibits possessing a firearm

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 18

during a crime of violence. 18 U.S.C. § 924(c)(5). 18 U.S.C. § 924(c)(5) does not require that the defendant is separately convicted of the predicate offense. *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998) ("[T]he government must prove that the defendant committed a qualifying predicate offense, but it is not necessary that the defendant be separately charged with or convicted of such an offense.").

Count Six alleges a crime codified at 14 V.I.C. § 2253(a). 14 V.I.C. § 2253(a) prohibits the unauthorized possession of a firearm. 14 V.I.C. § 2253(a). There is a sentencing enhancement when the firearm is possessed during the commission of a crime of violence. *See* 14 V.I.C. § 2253(a); *cf. Ambrose v. Virgin Islands*, No. 2007-0041, 2012 WL 37401, at *3 (V.I. Jan. 3, 2012). Because possession during a crime of violence is a sentencing enhancement, not an element of the crime, a conviction for violating 14 V.I.C. § 2253(a) does not require that a defendant is separately convicted of a predicate offense. *Cf. Powell v. People*, No. 2012-57, 2013 WL 4034204, at *1 (V.I. Aug. 6, 2013) (holding that a conviction under a similar statute prohibiting the possession of dangerous weapons could be sustained even if there was insufficient evidence of a crime of violence).

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 19

Accordingly, because neither the statute codifying the crime alleged in Count Three nor the statute codifying the crime alleged in Count Six requires that a defendant is separately convicted of a predicate offense, Hodge is not entitled to acquittal on the basis that either Count Three or Count Six required that he was separately convicted of the attempted first-degree murder of Powell. *See Powell*, 469 U.S. at 68-69; *Williams*, 1987 WL 5771, at *1.

### iii. Insufficiency of the Evidence

As discussed above, proof of the predicate offense alleged in Count Six--attempted first-degree murder of Powell--is not an element of the crime charged under 14 V.I.C. § 2253(a). Therefore, finding insufficient evidence of the crime of violence would not entitle Hodge to acquittal on Count Six. *Cf. Powell*, 2013 WL 4034204, at *1.

In contrast, proof of the predicate offense alleged in Count Three--also attempted first-degree murder of Powell--is an element of the crime charged under 18 U.S.C. § 924(c) in Count Three. *See Jenkins*, 90 F.3d at 821. As such, the Court will determine whether there was sufficient evidence to convict Hodge of the attempted murder of Powell.

"In order to sustain a conviction for an attempt to commit a crime, the government has the burden of proving the following:

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 20

(1) an intent to commit the crime, (2) and overt act toward its commission, (3) failure of consummation and (4) the apparent possibility of the commission." *Parson v. Gov't of the Virgin Islands*, 167 F. Supp. 2d 857, 860 (D.V.I. 2001)(citing *Cheatham v. Government of the Virgin Islands,* 1994 WL 392578, 20 V.I. 296, 303 (D.V.I.1994)).

Here, Hodge shot Powell multiple times, including in the back and in the hip. Powell did not die. Nevertheless, death is certainly a possible outcome when a deadly weapon such as a firearm[2] is used to shoot a person in the back and in the hip. As such, there is no question that sufficient evidence was produced at trial for a reasonable jury to find that the second, third, and fourth elements had been satisfied. Moreover, as the Court previously discussed, sufficient evidence was introduced at trial for a reasonable jury to find that Hodge intended to murder Powell. *See supra* Section III.A.4.

Accordingly, Hodge is not entitled to acquittal on Count Three or Count Six on the basis that there was insufficient evidence that he attempted to murder Powell.

---

[2] "A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury." *Gov't of Virgin Islands v. Robinson*, 29 F.3d 878, 886 (3d Cir. 1994)(quoting Wayne R. LaFave & Austin W. Scott, Jr., *Handbook on Criminal Law* 537 (1972)). As such, an operable firearm is a deadly weapon. *Virgin Islands v. Belardo*, 385 F. App'x 149, 157 (3d Cir. 2010).

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 21

**6. Count Six, Count Seven, Count Eight: General Objection to Sufficiency of the Evidence**

Count Six alleges that Hodge used an unlicensed firearm when he attempted to murder Powell. Count Seven alleges that Hodge possessed an unlicensed firearm when he committed first-degree assault against Powell. Count Eight alleges that Hodge possessed an unlicensed firearm when he committed first-degree burglary.

14 V.I.C. § 2253(a) codifies these offenses. The statute:

> prescribes a single offense of unauthorized possession of which there are [only] two elements: one, that the defendant possessed a firearm and two, that the defendant [possessed] it without authorization of law, with the additional requirement that the defendant possessed the firearm during the commission of a crime of violence merely enhancing the penalty for the offense.

*Ambrose*, 2012 WL 37401, at *3 (quotations omitted and alterations in original).

There is ample evidence that the defendant knowingly possessed a firearm. In addition, the evidence adduced at trial shows that Hodge was not licensed to carry a firearm on St. Croix, (Trial Transcript, June 9, 2014, at 158:4-17), or on St. Thomas, St. John, or Water Island, (*id.* at 256:19-257:2). Because there is sufficient evidence of the two elements of the offense, Hodge is not entitled to acquittal on these counts.

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 22

### 7. Count Eight: Error in the Information

Count Eight of the information charges Hodge with possessing an unlicensed firearm during the commission of a "first-degree robbery as set forth in Count 6" in violation of 14 V.I.C. § 2253(a). Count Six does not allege that Hodge committed first-degree robbery.

Hodge argues that the jury could not have found that he committed first-degree robbery as set forth in Count Six because Count Six does not allege first-degree robbery. As such, Hodge argues that he is entitled to acquittal on Count Eight.

A defect in a charging document must generally be raised before trial. Fed. R. Crim. P. 12(b)(3)(B). When such a defect is not timely raised, the objection to the defect is waived unless good cause is shown. *See* Fed. R. Civ. P. 12(c)(3); *cf. United States v. Staton*, 605 F. App'x 110, 113 (3d Cir. 2015)(holding that absent a showing of good cause, an untimely motion to suppress is deemed to be waived under Federal Rule of Criminal Procedure 12(c)(3)). Here, Hodge has not shown good cause. Even if he could demonstrate good cause for such a delay, Hodge would not be entitled to the relief that he seeks.

As a preliminary matter, the Court notes that "juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 939, 122 L. Ed. 2d 317

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 23

(1993). Indeed, the Court's instructions may resolve deficiencies in a charging document. *See, e.g., United States v. Steiner*, No. 14-4628, 2016 WL 827989, at *7 (3d Cir. Mar. 3, 2016) ("When a defendant's Sixth Amendment right to a unanimous jury verdict is jeopardized by a duplicitous indictment, a court can cure the indictment by issuing a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act.") Here, the Court instructed the jury that it must find that the firearm was possessed during the commission of a first-degree robbery. The Court did not instruct the jury that it was required to find that the firearm was possessed during the commission of a first-degree robbery *"as set forth in Count Six."* Therefore, the jury's inquiry was properly limited by the Court's instruction to whether the firearm was possessed during a first-degree robbery. The jury was certainly capable of making such a determination.

Moreover, the information alleges that Hodge possessed a firearm while unauthorized by law. It further provides that he possessed that firearm during a crime of violence--first degree robbery. As such, the information alleged the essential elements of the crime and the Court's instruction tracked those elements. The language "as set forth in Count Six" was mere surplusage. There is no requirement that a jury instruction be a verbatim

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 24

recitation of language contained in an indictment when the

language in the charging document is surplusage.

Accordingly, this objection is without merit.[3]

### 8. Count Eleven: General Objection to Sufficiency of the Evidence

Count Eleven of the information charges Hodge with first-

degree robbery. Hodge argues that insufficient evidence was

introduced at trial to convict him of this crime.

"Robbery is defined as the unlawful taking of personal

property in the possession of another, from his person or

immediate presence and against his will, by means of force or

fear, with the specific intent to deprive permanently a rightful

owner of his property." *Smith v. Gov't of Virgin Islands*, No.

CRIM. A. 2004-90, 2008 WL 2993420, at *3 (D.V.I. July 23, 2008)

(quotation removed) (citing 14 V.I.C. § 1861; *Government of*

*Virgin Islands v. Carmona,* 422 F.2d 95, 98 (3d Cir.1970)). First

degree robbery requires that the perpetrator of the crime

"causes physical injury which is incapacitating in any way to

---

[3] It is also worth noting that possession of a firearm during a crime of violence is not an element of the crime codified at 14 V.I.C. § 2253(a). It is a sentencing enhancement. *Ambrose*, 2012 WL 37401, at *3. As such, if the Government proves that a defendant possessed a firearm without authorization, but fails to prove that the firearm was possessed by the defendant during the commission of a crime of violence, the defendant may be entitled to a lower sentence, not acquittal. Of course, even that outcome is not warranted as the jury was instructed that proof of possession during the commission of a crime of violence--first degree robbery--was required, and the jury so found.

any person who is not a perpetrator of the crime" or

"[d]isplays, uses or threatens the use of a dangerous weapon."

14 V.I.C. § 1862.

Here, the evidence adduced at trial shows that Hodge shot

Powell in the back. (Trial Transcript, June 9, 2014, at 113:16-

17.) Powell then fell forward. (*Id.* at 107:9-13.) He had the bag

of bank deposits while he was on the ground. (*See id.* at 113:16-

117:2.)  Hodge attempted to take the bag, but Powell resisted.

(*Id.* at 107:16-20.)  Hodge then shot Powell in the hip. (*Id.*)

Hodge then took the bag. (*See id.* at 113:25-114:2.) After Hodge

took the bag, Hodge shot Powell in the wrist. (*Id.* at 114:1-4.)

Hodge then fled with the bag of bank deposits. (*Id.* at 140:14-

21; 143:3-7.) On the basis of these facts and permissible

inferences drawn from these facts, a reasonable jury could find

that Hodge used force to permanently deprive Kmart of its bank

deposits.

Accordingly, this objection is without merit.

**B.   Motions for New Trial**

Hodge moves for a new trial on three grounds. First, Hodge

argues that the Court erred by refusing to strike two jurors,

compelling him to use two peremptory challenges. Second, Hodge

argues that the Court erred by refusing to admit an FBI Lab

Report (the "lab report"). Third, Hodge argues that a new DNA

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 26

report constitutes newly discovered evidence entitling him to a new trial.

### 1. **Voir Dire**

Hodge argues that the Court erred when it refused to strike two jurors for cause. Hodge asserts that his right to ten peremptory strikes was violated because he "had to use two of its ten peremptory strikes to remove the two jurors who should have been stricken for cause." (ECF No. 57, at 2.)

Even assuming *arguendo* that the Court erred when it did not strike the jurors for cause, such an error would not entitle Hodge to a new trial. *See United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000). In *United States v. Martinez-Salazar*, the defendant, Abel Martinez-Salazar ("Martinez-Salazar"), was charged with drug-related offenses. *Id.* at 304. A prospective juror, Don Gilbert ("Gilbert"), stated "that he favored the prosecution." *Id*. at 308. Martinez-Salazar proceeded to challenge Gilbert for cause. *Id.* The district court refused to strike the juror. *Id*. at 309. After the district court refused to strike Gilbert, Martinez-Salazar used one of his peremptory strikes to strike Gilbert. *Id.* at 309. Martinez-Salazar also exhausted his other peremptory challenges. *Id.* Thereafter, he was convicted on all counts. *Id.*

On appeal to the Ninth Circuit, Martinez-Salazar argued that he was entitled to a new trial. The Ninth Circuit agreed. It reasoned that he was entitled to a new trial because "the Due Process Clause of the Fifth Amendment requires automatic reversal of a conviction whenever [the trial court erroneously refuses to dismiss a juror for cause, the defendant uses a peremptory challenge on that juror, and] the defendant goes on to exhaust his peremptory challenges during jury selection." *Id.* at 307.

The Supreme Court reversed the Ninth Circuit. It held that "if the defendant elects to cure . . . [the trial court's erroneous refusal to dismiss a juror for cause] by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." *Id.* at 307. The Supreme Court reasoned that by "choosing" to remove the juror, Martinez-Salazar "did not lose a peremptory challenge." *Id.* at 315-16. Instead, "he used the challenge in line with a principal reason for peremptories: to help secure the constitutional guarantee of trial by an impartial jury." *Id.* at 316.

Here, Hodge admits the he used two peremptory challenges to strike the objectionable jurors. Thus, even if those prospective jurors should have been stricken for cause, Hodge was not

deprived of any rights under Federal Rule of Criminal Procedure 24(b) or the Fifth Amendment such that he is entitled to a new trial. *See id.* at 307.

### 2. Stipulation Admitted Instead of Expert Report

Hodge also contends that the Court denied him his Sixth Amendment right to present evidence when the Court failed to admit an FBI lab report that analyzed the DNA on a ski mask found near Hodge. Hodge sought to admit the lab report pursuant to a stipulation between the parties. In part, the lab report indicated that DNA on the ski mask found by officers did not match Hodge's DNA. The Court did not admit the lab report into evidence, citing to Federal Rule of Evidence 403 ("Rule 403").

Rule 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

In making a Rule 403 determination, the trial court "is required to balance the probative value of evidence against its prejudicial effect. The [trial] court must appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant." *United States*

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 29

*v. Bradley*, 173 F.3d 225, 230 (3d Cir.1999) (quoting *Government*

*of the Virgin Islands v. Archibald*, 987 F.2d 180, 186 (3d

Cir.1993)).

Here, when the Court did not admit the lab report into

evidence, it stated:

> THE COURT: All right. I think that . . . [the lab
> report] has in information that I am concerned with
> having the jury have before them. If there's going
> to be a stipulation, then the parties will need to
> come out on what facts they need to stipulate to.
>
> If you want to stipulate there was a swab of saliva
> obtained from Mr. Hodge, that the saliva did not
> match the DNA collected from the -- what is it, a
> hat?
>
> MR. JONES: Ski mask.
>
> THE COURT: -- a ski mask, you can stipulate, that
> can be part of the stipulation . . .
>
> THE COURT: The rest of the information in there is
> not what you seek to have in, the methodology, and
> this Court is concerned there's no expert to give
> this any sense of context whatsoever. And in its
> gatekeeping role, the Court is disinclined to have
> all of that information before the jury.

(Trial Transcript, June 10, 2014, at 93:13-94:14.)

Thereafter, the Court permitted the parties to stipulate to

the following facts: 1) "that the ski mask recovered in this

case was submitted to an FBI Laboratory for DNA analysis"; 2)

"that male DNA was found to be present on the ski mask"; 3) that

"[t]he DNA samples taken from Richard Antonio Hodge were also

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 30

submitted to the FBI Laboratory for comparison"; and 4) that "Hodge was excluded as a contributor to the DNA sample found in the ski mask." (*Id.* at 99:24-100:11.)

Given that the Court permitted this stipulation, the admission of a highly technical lab report would only serve to confuse or mislead the jury. As such the Court properly exercised its gatekeeping role, excluding the lab report on the basis that it contained highly technical information. Nothing in the facts convinces the Court that it erred in its previous ruling.

### 3. Newly Discovered DNA Evidence

Hodge also argues he should be granted a new trial because a new DNA report found that DNA on the ski mask matched the DNA of another suspect, Keithroy Caines ("Caines").

The Third Circuit has articulated five requirements that must be met before a court may grant a new trial on the basis of newly discovered evidence:

> (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce                an                acquittal.

*United States v. Iannelli,* 528 F.2d 1290, 1292 (3d Cir.1976).

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 31

The movant has a "heavy burden" of proving each of these requirements. *United States v. Saada,* 212 F.3d 210, 216 (3d Cir.2000). The failure to satisfy even one requirement is a sufficient basis to deny a motion for a new trial. *United States v. Jasin*, 280 F.3d 355, 365 (3d Cir. 2002).

Here, even assuming *arguendo* that Hodge satisfied the first four requirements, the Court does not find that this new evidence would likely lead to an acquittal.

At trial, neither Schneider nor Bougouneau testified that the gunman was wearing a ski mask. As previously noted, Schneider testified that the perpetrator was wearing a hat and had a "shirt or handkerchief or something over his mouth area and tied to the back." (Trial Transcript, June 9, 2014, at 161:19-21.) Bougouneau testified that the perpetrator had "a handkerchief or something tied up right this way." (*Id.* at 143:13-14.)

The ski mask was mentioned by Corporal Bernard Burke, an officer who responded to the scene, who merely testified that a ski mask was recovered. (*Id.* at 260:14-20.). No testimony at trial linked the ski mask to the gunman. Indeed, the ski mask itself was not admitted into evidence by either party. As such, the testimony at trial did not indicate that the person wearing the ski mask was the shooter.

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 32

Moreover, as previously noted, other evidence linked Hodge to the crimes. Schneider identified Hodge as the gunman at trial. (*Id.* at 161:11-166:2.) In addition, Hodge was discovered hiding in the bushes without a shirt or jacket, in the area where a shirt and jacket were found. (*Id.* at 184:2-19, 188:18-22, 255:2-256:17.) The jacket found near Hodge matched the jacket worn by the perpetrator of the crimes alleged. (*Id.* at 167:5-168:1, 189:2-189:16)(stating that the jacket found matched the jacket Hodge was wearing, although the witness did not recognize the red on the jacket).

Relying on all of the evidence both direct and circumstantial, the jury found the defendant guilty despite the fact that the DNA from the ski mask did not match Hodge. As such, the Court is unconvinced that evidence that another suspect, Caines, had worn the ski mask would probably produce an acquittal.

Accordingly, Hodge is not entitled to a new trial on the basis of newly discovered evidence.

**C.   Motion to Vacate**

Hodge also filed a "motion to vacate." In that motion, he argues that the Court should dismiss Count Two because the Court erred when it instructed the jury on the count's elements. He also argues that the Court should dismiss Count Three and Count

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 33

Four because the Court improperly provided a single combined instruction for those counts.

Hodge did not raise either of these objections when the Court gave its jury instructions. As such, the Court will review the instructions for plain error. When addressing purportedly erroneous jury instructions, the standard under plain error review "is whether there was a 'reasonable likelihood' that the jury prejudiced the defendant by applying the challenged instructions in a manner that violated the constitution." *Gov't of Virgin Islands v. Rosa*, 399 F.3d 283, 294-95 (3d Cir. 2005).

**1. Instruction on Count Two**

In Count Two of the indictment, Hodge was charged with carrying, using, and discharging a firearm during a crime of violence. The verdict form, however, asked the jury to determine whether Hodge was guilty "as to Count Two, *discharge* of a firearm during the commission of a robbery, as charged in the Information . . . ." (Verdict Form, ECF No. 55, at 2 (emphasis supplied).)

The distinction between using, carrying, and discharging a firearm during a crime of violence is significant. *See* 18 U.S.C. § 924(c)(1)(A). Using or carrying a firearm during a crime of violence carries a minimum term of imprisonment of five years. 18 U.S.C. § 924(c)(1)(A). In contrast, discharging a firearm

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 34

during a crime of violence carries a minimum term of imprisonment of ten years. 18 U.S.C. § 924(c)(1)(A)(iii).

Hodge argues that Court erred by instructing the jury that Hodge could be found guilty of discharging a firearm during a crime of violence based on a finding that he used, not discharged, a firearm during and in relation to a crime of violence.

The Court began its instruction on Count 2 by informing the jury that "Count 2 charges that the defendant used a firearm to commit a crime of violent, in violation of federal law, and that crime of violence is robbery." (Trial Transcript, June 10, 2014, at 118:18-20.) The Court then instructed the jury that before convicting the defendant of the crime alleged in Count Two, the jury must find that: 1) "the defendant committed the robbery as charged in Count 11 of the information"; 2) "during and in relation to the commission of that crime, the defendant knowingly used a firearm"; and 3) "the defendant used the firearm during and in relation to the crime of robbery." (*Id.* at 118:25-119:6.)

The Court then began to instruct the jury on Count Three and Count Four. Before finishing the instruction on those counts, the Court halted its instruction and stated "actually ladies and gentlemen, I think I may have made an error with

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 35

respect to Count 2, the one I just read you. Let me read the elements for Count 2." (*Id.* at 120:18-20.)

The Court then provided a different instruction for Count Two. Specifically, the Court instructed the jury that "Count 2 charges the discharge of a firearm during the commission of a robbery in violation of federal law." (*Id.* at 120:21-22.) The Court further instructed the jury that before convicting the defendant of the crime alleged in Count Two, it must find that: 1) "the defendant committed the robbery as charged in Count 11 of the information"; 2) "that during and in relation to the commission of that crime, the defendant knowingly discharged a firearm"; and 3) "that the defendant used a firearm during and -- or discharged the firearm during and in relation to the crime of robbery." (*Id.* at 121:1-8.)

When the Court misspeaks while giving a jury instruction, it may correct the error by giving a new instruction. *See, e.g., United States v. Evans*, 356 F. App'x 580, 585 (3d Cir. 2009). Here, the Court acknowledged that its first instruction on Count Two was in error and issued a corrected instruction on Count Two. As such, the Court finds that the errors in its first instruction on Count Two do not constitute plain error.

The Court acknowledges that in its second instruction, it employed the word "used" in the third element. Nevertheless, for

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 36

several reasons, the Court is not convinced that any plain error resulted.

First, although the transcript arguably makes it appear that the Court instructed the jury that mere use of the firearm would satisfy the third element, the transcript fails to convey the Court's inflection. After reviewing the audio recording of the Court's instruction, the Court finds that it was clear from the Court's inflection that the Court was correcting itself--not indicating that either use or discharge would satisfy the third element.

Second, the Court's instruction on the first two elements contained all the necessary elements of the crime. Indeed, although the Court instructed on three elements, the Court's instruction on the third element was entirely superfluous. Including an instruction that superfluously required an additional finding that a firearm was used during the robbery would not in any way decrease the Government's burden. As such, even if the instruction on the third element indicated to the jury that the third element could be satisfied by a finding that the defendant merely used a firearm during the robbery, such an instruction would not have caused any prejudice to Hodge.[4]

---

[4] The Court also notes that the copy of the jury instructions sent with the jury into the deliberation room clearly specified that the jury must find

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 37

Accordingly, the Court finds no plain error in its instruction on Count Two.

## 2. Combined Instruction on Count Three and Count Four

Count Three and Count Four both allege the discharge of a firearm during an attempted murder--albeit the attempted murders of different victims--in violation of 18 U.S.C. 924(c)(1)(A). As such, the Court provided a single combined instruction for both counts. In that instruction, the Court instructed the jury that:

> Counts 3 and 4 charge the defendant with discharging a firearm during and in relation to the commission of the crime of attempted murder.
>
> To find the defendant guilty of discharging a firearm during the commission of the crime of attempted murder, the government must prove each of the following essential elements beyond a reasonable doubt:
>
> First, that the defendant committed an attempted murder as charged in the information.
>
> Second, that during and in relation to the commission of that crime the defendant knowingly discharged a firearm.
>
> And third, that the defendant discharged the firearm during and in relation to the crime of attempted murder.[5]

(Trial Transcript, June 10, 2014, at 121:17-122:6.)

---

that the firearm was discharged during the robbery. (*See* ECF No. 51, at 17-18.)

[5] This instruction is the instruction that was given after the Court interrupted its first instruction on Count Three and Count Four to amend its instruction on Count Two.

Hodge argues that the Court erred when it instructed the jury on the elements of Count Three and Count Four in a single combined instruction because the combined instruction could have given rise to jury error. Specifically, Hodge argues that "[i]n their deliberations on Count 3, some of the jury members could have found that Mr. Hodge did commit an attempted murder on victim Clement Bougouneau, but not on Asim Powell, and vice versa." (Motion to Vacate, ECF No. 89, at 2.)

In determining whether an instruction created a reasonable likelihood of jury error, the Court considers both the instruction and the verdict form as whole. *Cf. Frey v. Fulcomer*, 132 F.3d 916, 924 (3d Cir. 1997)(considering the verdict form and the court's instructions as a whole before determining that there was a reasonable likelihood that the jury believed it was required to find mitigating circumstances unanimously during the death penalty sentencing phase). Here, the verdict form asked the jury to determine: (1) whether Hodge was guilty "[a]s to Count Three, discharge of a firearm during the commission of attempted murder of Asim Powell, as charged in the Information . . ."; and (2) and whether Hodge was guilty "[a]s to Count Four, discharge of a firearm during the commission of attempted murder of Clement Bougouneau, as charged in the Information . . . ." (Verdict Form, ECF No. 55, at 2.) As such, the verdict form

*United States v. Richard Antonio Hodge*
Criminal No. 2014-01
Memorandum Opinion
Page 39

clearly indicated that the predicate offense for Count Three was the attempted murder of Powell and the predicate offense for Count Four was the attempted murder of Bougouneau. Therefore, considering the instructions and the verdict form as a whole, the Court finds that there was no reasonable likelihood of jury error.

Accordingly, the Court finds that there was no plain error in providing a single combined instruction for Count Three and Count Four.

**IV.   <u>CONCLUSION</u>**

For the reasons stated herein, the Court denied Hodge's motion for acquittal, motions for new trial, and motion to vacate.

S\_____
        **Curtis V. Gómez**
        **District Judge**