**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | **CRIMINAL NO.  2014-01** |
| v. | |
| **RICHARD HODGE, JR.,** | |
| Defendant. | |

**NOTICE OF UNITED STATES' BRIEF**

COMES NOW, the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the District of the Virgin Islands, and submits the United States' Brief in response to this Court's inquiry.

On December 19, 2018, the Court ordered both parties to submit briefs on the following issues:

1) Whether the Court is required to undertake the same procedure contemplated in Miller I and II when re-sentencing – even though the mandate does not include any instruction which is covered and/or required under Miller I and II, and

2) Where there are two separate judgments and the federal judgment and sentence are undisturbed on appeal, does the mandate give the Court leeway to examine the federal sentence as well.

In *United States v. Hodge*, 870 F.3d 184 (3d Cir. 2017), the Third Circuit affirmed this Court's judgment of conviction and sentence on Counts 1, 2, and 3 (federal counts). *Id*. at 206. The Third Circuit also affirmed this Court's local judgment and commitment, except that it remanded the case for the Court to vacate two of the three offenses charged in Counts 6, 7, and 8 (local counts). *Id.* The appellate court explained that the remand was warranted because the "[t]he

plain meaning of the [local] statute leads us to the conclusion that only one count under 14 V.I.C. § 2253(a) can be sustained under the facts of this case" and that 14 V.I.C. § 104 also forbids multiple convictions under section 2253(a). *Id.* at 198. The *Hodge* court cited *United States v. Miller*, 527 F.3d 54, 74 (3d Cir. 2008) ("Miller I") as authority for the remand.

Hodge misinterprets and mischaracterizes the import of *Miller* in connection with his case. The pinpoint citation to *Miller* in the *Hodge* opinion makes that clear.  *Hodge* cited *Miller* only for the following remedy, which it adopted in Hodge's case regarding the local counts:

> Where we conclude that a defendant was erroneously convicted for the same offense under two separate counts, but find the evidence sufficient to support either conviction, "the only remedy consistent with the congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions." [Citation omitted].

*Id*. at 74. In fact, based on a myriad of error in *Miller*, the Third Circuit **vacated** the district court's judgment and commitment order and remanded the case for further proceedings in accordance with the appellate court's Opinion. *Id.*

When reviewing Miller's case after remand and resentencing, the Third Circuit in *United States v. Miller*, 594 F.3d 172 (3d Cir. 2010) ("*Miller* II") determined that, "when the remand includes instructions to vacate at least one interdependent count of conviction, a de novo sentencing is appropriate," implicating the "sentencing package doctrine." *Id.* at 180. The appellate court "stressed" however that the "sentencing package doctrine should be confined to cases in which the sentences on the underlying counts were *interdependent.*" *Id*. (emphasis in original).  "Interdependent offenses 'result in an aggregate sentence, not sentences which may be treated discretely.'" *Id.*

Applying the test for interdependence to this case, as stated in *Miller* II, the three sentences on the local firearms counts were interdependent.  *See id.* Thus, *Miller* II only

supports the Court undertaking a de novo sentencing hearing on whichever one of Counts 6, 7, or 8 still stand after the Court enforces the Third Circuit's remand mandate. However, it is clear that the sentences on federal Counts 1, 2 and 3 are not interdependent to sentences on local Counts 6, 7, and 8, and therefore not covered by the "sentencing package doctrine" at Hodge's resentencing hearing.

The answer to the Court's second question is no, this Court does not have leeway to examine the federal sentence as well. The federal sentence on Counts 1, 2 and 3 was embodied in a separate Judgment. ECF. 98. The Third Circuit affirmed the Judgment and Sentence on Counts 1, 2 and 3. *See* Hodge, 870 F.3d at 206.

In conclusion, the Judgment and Commitment, ECF. No. 99, was affirmed but the case was merely remanded for vacating two of three local counts of conviction. The Judgment and Sentence, ECF. No. 98, was not disturbed by the appellate court and may not be disturbed by this Court.

Respectfully submitted,

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

Dated:  March 6, 2019

/s/ George A. Massucco-LaTaif
BY:    George A. Massucco-LaTaif
Criminal Chief
5500 Veterans Dr., Ste. 260
St. Thomas, VI 00802
(340) 774-5757
george.a.massucco@usdoj.gov

/s/ Kim L. Chisholm_____
Kim L. Chisholm
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 6th day of March, 2019, I electronically filed the foregoing Notice of United States Brief with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties of record:

Omodare Jupiter
Federal Public Defender
4094 Ruby Diamond Suite 5
Christiansted, VI 00820

/s/ George A. Massucco-LaTaif
George A. Massucco-LaTaif
Assistant U.S. Attorney
5500 Veterans Dr., Ste. 260
St. Thomas, VI 00802
(340) 774-5757