DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2014-1 |
| | ) |
| RICHARD ANTONIO HODGE, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**George A Massucco-LaTaif, AUSA**
**Kim L. Chisholm, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Richard Coughlin, FPD**
**Melanie Turnbull, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Richard Antonio Hodge, Jr.*

## ORDER

**GÓMEZ, J.**

On April 9, 2019, the Court held a supplemental sentencing hearing with respect to restitution in this matter. At that hearing, the Court inquired of the parties whether there was any legal authority that precluded the Court from ordering restitution in this matter at this stage. In response, the parties each asserted that they were not aware of any legal authority precluding an order of restitution at this stage. Nevertheless, to give the parties a proper opportunity to

respond, the Court, from the bench, ordered the parties to submit briefs on that issue by no later than 3:00 p.m. on May 6, 2019. Additionally, the Court asked both parties to verify the restitution amounts and payees originally identified by the United States in its July 8, 2015, filing. *See* Government's Resp. to Ct.'s Inquiry, ECF No. 93-1. Subsequently, the Court set a restitution hearing for May 16, 2019.

On May 6, 2019, Hodge filed a brief in response to the Court's inquiry. Hodge argued that 18 U.S.C. § 3664(d)(5) precludes the Court from ordering restitution at this stage. In support of that argument, Hodge referred the Court to *United States v. Dolan*, 560 U.S. 605 (2010).

The United States failed to submit a brief on or before May 6, 2019 as directed by the Court. Thereafter, on May 7, 2019, the Magistrate Judge asked the United States to explain why it failed to comply with the Court's directive. Among other things, the United States suggested that the Court should issue written orders to ensure the United States's compliance with Court directives.

On May 10, 2019, the United States filed a brief in response to the Court's inquiry. In that brief, the United States agreed with Hodge that 18 U.S.C. § 3664(d)(5) precludes the Court from ordering restitution at this stage. That brief

did not verify the accuracy of the restitution amounts and payees originally identified by the United States. The United States also failed to address any of the relevant restitution caselaw. Indeed, *Dolan* has been interpreted to permit restitution up to five years after entry of a judgment and commitment order where a sentencing court indicates its intent to impose restitution. *See United States v. Dalicandro*, 711 F. App'x 38 (2d Cir. 2017); *see also United States v. Ottaviano*, 738 F.3d 586 (3d Cir. 2013); *United States v. Amaechi Antwan Ahuama*, 686 F. App'x 82 (3d Cir. 2017); *United States v. Pickett*, 612 F.3d 147 (2d Cir. 2010); *United States v. Gushlak*, 728 F.3d 184 (2d Cir. 2013); *United States v. Bell*, 514 F. App'x 423 (5th Cir. 2013); *United States v. Rodriguez*, 751 F.3d 1244 (11th Cir. 2014); *cf. United States v. Pileggi*, 703 F.3d 675 (4th Cir. 2013); *United States v. Murray*, 700 F.3d 241 (5th Cir. 2012).

Here, at the June 24, 2015, sentencing, the Court informed the parties of its intent to impose restitution:

> THE COURT: Now, with respect to restitution, the Court has a concern and a few questions. *Restitution is required.*
>
> . . .
>
> So I'm going to give the parties an opportunity to present such information. And since it's the government's burden and obligation, I'll first give the government an opportunity to present that, at least in

*United States v. Hodge*
Criminal No. 2014-1
Order
Page 4

> some submission, then the defense can have an opportunity to comment on it. And we will reconvene here and *the Court will impose the appropriate restitution amount*.

*See* Sentencing Hr'g Tr. at 64:3-4; 68:3-10, June 24, 2015, ECF No. 97 (emphasis added). Before the restitution matter could be resolved, on June 30, 2015, Hodge filed a notice of appeal. The mandate from that appeal was issued October 12, 2017. Due to the passage of two category five hurricanes through the Virgin Islands in September 2017, which left most people without electricity or communication, the mandate was not entered on the docket until November 29, 2017. It was at the resentencing occasioned by the mandate that the restitution discussion was rejoined.

The premises considered, it is hereby

**ORDERED** that, by no later than 12:00 P.M. on May 15, 2019, the parties shall each file a brief addressing (1) the Court's ability to order restitution at this stage in light of the relevant caselaw, and (2) the accuracy of the restitution amounts and payees identified in the United States's July 8, 2015, filing.

S\_____
   **Curtis V. Gómez**
   **District Judge**